**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Appellee,<br><br>   v.<br><br>TIMOTHY BINFORD,<br><br>           Defendant-Appellant. | No.    15-30160<br><br>D.C. No.<br>2:14-cr-00166-RMP-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Appellee,<br><br>   v.<br><br>TIMOTHY BINFORD,<br><br>           Defendant-Appellant. | No.    15-30166<br><br>D.C. No.<br>2:00-cr-00099-RMP-1 |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted August 30, 2016
Seattle, Washington

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOODWIN, SCHROEDER, and McKEOWN, Circuit Judges.

Timothy Binford appeals his conviction and sentence for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The jury convicted Binford under both subsections (1) and (3) of that statute, but the district court granted Binford's motion for judgment of acquittal as to the § 922(g)(3), user-in-possession, conviction. At sentencing, the district court found that Binford's prior three convictions qualified as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

With respect to sentencing, the government has conceded that one of the prior convictions, the state robbery conviction, did not qualify as a predicate ACCA offense and has now commendably agreed that the sentence must be vacated.

We therefore deal only with the challenge to the conviction. Binford contends that the indictment should have been dismissed because the government improperly proceeded on the basis of alternative firearm possession theories. The original indictment charged only felon-in-possession. The district court ruled that, under the original indictment, the evidence of drug paraphernalia found with the gun was inadmissible. The government then added an alternative allegation,

within the same count, of user-in-possession. Binford contends that the amendment was impermissible, and that the conviction must be reversed. His position lacks support.

There was no unfair surprise or vindictiveness. The government telegraphed its intent to obtain a superseding indictment if analysis results showed that the paraphernalia in the backpack was connected to drugs. The parties had briefed the issue. The evidence may not have been necessary for the government to prove felon-in-possession, but the district court did not err in admitting it as relevant to the user-in-possession alternative.

Moreover, the superseding indictment resulted in no prejudice to Binford. The evidence that he was a felon in possession of a firearm was overwhelming, and the superseding indictment did not lead to any additional counts or convictions. The jury convicted Binford under both subsections 922(g)(1) and (3), but the district court granted Binford's motion for judgment of acquittal as to the § 922(g)(3), user-in-possession, conviction. Binford's reliance on cases in which the same conduct was charged in multiple counts is therefore misplaced. *See, e.g.*, *United States v. Schmidt*, No. 08-40031-01-RDR, 2008 WL 4489787, at *8 (D. Kan. Sept. 29, 2008); *United States v. McCall*, No. CR05-4130-MWB, 2006 WL 1071771, at *3 (N.D. Iowa Apr. 24, 2006).

The judgment of conviction is **AFFIRMED**, the sentence is **VACATED** and the case is **REMANDED** for resentencing.